CA 05 079

AO 243 (Rev. 5/85)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District: DISTRICT OF RHODE ISLAND | |
|---|---|---|
| Name of Movant: LUIGI PORCELLI | Prisoner No.: [illegible]-070 | Case No. |
| Place of Confinement: FPC Oakdale, LA PO Box 5010 Oakdale, LA. 71463 | | |

UNITED STATES OF AMERICA V. LUIGI PORCELLI
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack
UNITED STATES DISTRICT COURT, DISTRICT OF RHODE ISLAND

2. Date of judgment of conviction December 7, 1997

3. Length of sentence 188 months

4. Nature of offense involved (all counts) Count one: Conspiracy to possess with intent to distibute cocaine, in violation of title 21 USC § 846, Count four- Distribution of cocaine, in violation of 21 USC §841(a)(1) and title 18 USC§2 Counts three to five: Distribution of cocaine with one thousand feet §841 and§860(a) of a public school.

5. What was your plea? (Check one)
(a) Not guilty ☐
(b) Guilty ☒
(c) Nolo contendere ☐

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
plead guilty to counts one and to count four

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
(a) Jury ☐
(b) Judge only ☐
N/A

7. Did you testify at the trial?
Yes ☐ No ☐
N/A

8. Did you appeal from the judgment of conviction?
Yes ☐ No ☐
N/A



1

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court N/A

(b) Result

(c) Date of result

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court N/A

(2) Nature of proceeding

(3) Grounds raised

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result N/A

(6) Date of result

(b) As to any second petition, application or motion give the same information:

(1) Name of court

(2) Nature of proceeding

(3) Grounds raised N/A

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result N/A

(6) Date of result

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc. Yes ☐ No ☐
(2) Second petition, etc. Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

N/A

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Whether defense counsel was ineffective assistance for not objecting to the governments sentencing request for a 20 point enhancement and criminal history, catagory six (career criminal)

Supporting FACTS (state *briefly* without citing cases or law)

see brief attachment

B. Ground two: Whether the peetitioners due process rights were violated under the fifth Amendment as guaranteed by the United States Constitution and effective assistance of counsel under the Sixth Amendment

Supporting FACTS (state *briefly* without citing cases or law):

as guaranteed by the United States Constitution.

see brief attachment

C. Ground three:

Supporting FACTS (state *briefly* without citing cases or law):

D. Ground four:

Supporting FACTS (state *briefly* without citing cases or law):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

Change of consitutional law.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing Joseph Bevalaqua

(b) At arraignment and plea Andrew Gold, ESQ

(c) At trial

(d) At sentencing same as "B"

AO 243 (Rev. 5/85)

(e) On appeal N/A

(f) In any post-conviction proceeding N/A

(g) On appeal from any adverse ruling in a post-conviction proceeding N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: N/A

(b) Give date and length of the above sentence:

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐ N/A

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

N/A
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

2-17-05
(date)

[signature]
Signature of Movant

**UNITED STATES DISTICT COURT**
**DISTRICT COURT OF RHODE ISLAND**

LUIGI PORCELLI #04389-070

VS.

UNITED STATES OF AMERICA

MOTION TO VACATE SENTENCE AND REMAND FOR
RESENTENCING UNDER 28 USC §2255

On this day of Feb. 2005, This pro se Petitioner respectfully request that the District Court hereby vacate the original sentence instituted by the Sentencing Court, and issue instructing concerning the new interpretations of the Career Offender Statue U.S.S.G. 4B1.1 and the newly passed United States Supreme Court ruling in Booker v. United States of America.

Concerning this collateral attack of the judgement of sentence, the District Court has jurisdiction under 28 U.S.C. §2255.

This motion involves the misapplication of the sentencing guidelines by the District Court, referencing the Career Offender Act (4B1.1) due to the precedent set in the Supreme Court decision in Booker v. United States of America. There is an ex post facto issue that was not addressed at Petitioner's sentencing nor in any previous collateral appeal as well as the change of law issue in the Supreme Court's decision stated above. The ex post facto issue is addressed in UNITED STATES v. SCHOUPE 35 F. 3d 835 (3rd Cir. 1984), BROWN V. UNITED STATES 75 F. SUPP. 2d 345 (D.N.J. 1999), and HORNICK V. UNITED STATES OF AMERICA 214 F. SUPP 2d (D,ME, 2002) (admitting argument is novel, constitutionally dimensional, and not decidable by precedent). These issues were not brought forth at the sentencing of Petitioner and due to ineffectiveness of this Petitioner's counsel, Petitioner has been denied his Constitutional rights.

**STATEMENT OF ISSUE AND STANDARD OF REVIEW**

**I. THE PETITIONER RECEIVED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNCEL AT SENTENCING FOR NOT ARGUING THE PRECEDENCE OF SCHOUPE AND BROWN AND BOOKER, AGAINST THE GOVERNMENTS RECOMMENDATION OF CAREER OFFENDER:**

In the case of Booker v. United States of America §04-104 cites as 543 U.S opinion of Justice Breyer concluded that 18 USC §3551 (b)(1) making sentence guidelines mandatory is **incompatable with the sixth amendment arguement in the Booker case.** Also, criminal defendant is constitutionally entitled to effective assistance of counsel. In fact, the Sixth Amendment right to counsel forms the foundation to our entire criminal justice system. As the Supreme Court has noted, it is the means by which the defendant to a criminal proceeding asserts his other rights. **UNITED STATES v.CRONIC** 466 U.S. 648, 652 (1984) The courts have been given a two-prong test for establishing the lact of constitutionally adequate representation by counsel. **STRICKLAND v. WASHINGTON** 466 U.S. 688, 694 (1984).

First, Mr. Porcelli realizes that he must establish that counsel's performance fell below an objective standard of reasonableness; and second, he must demonstrate that but for counsel's deficiencies that the result of the proceeding would have been different "to a reasonable probabilty".

"A resonable probability is a probability sufficient to undermine confidence in the outcome (of a criminal proceeding)."

**STRICKLAND v. WASHINGTON,** 466 U.S. at 694. What the reviewing court most frequently looks for is some "breakdown in the adversarial process that renders the result unreliable." Id., 466 U.S. at 697; UNITED STATES v. CRONIC 466 U.S. at 659 (question on review is whether counsel's representation failed to subject the critical elements of the Government's theory to a meaningful adversarial testing.

A prisoner seeking to raise an argument for the first time on collateral attack is required to show cause for his failure to raise the issue in earlier

proceeding and then a substantial prejudice warranting collateral review. **UNITED STATES v. FRADY**, 456 U.S. 152,012 S.CT 1584, 71 L.Ed. 2d 816 (1982). A showing of ineffective assistance of counsel will be sufficient to demonstrate the cause for failure to raise an issue earlier. **Murray v. CARRIER,** 477 U.S. 478, 106 S.CT. 2639, 91 L.Ed. 2d. 297 (1986); **BILLY-EKO v. UNITED STATES,** 8 F.3d, 111,113 (2nd Cir. 1993) (unpreserved objection entitled to be addressed as ineffectiveness claim on collateral attack).

In light of the Supreme Court's recent decision in **BOOKER v. UNITED STATES,** I argue that the statutory enhancement to level 34 and criminal catagory 6 is unjust. In order to be a career criminal you must met the guideline of sentence commission USCA 258, 944 (H), which refers you to H (2) (b) which states that the offense described in Section 401 of the Control Substance Act Title 21 USC 841. The section cites admissability. And, states that the evidence of cocaine must be for a continuing criminal enterprise. **UNITED STATES v. MATHIS** CA 10, (N.M.) 1982 673 F.2d 289 I was NOT participation in a drug enterprise. Count one is involving 1.5grams of cocaine powder. Count four involves 14grams of powder cocaine in which the police office admits "I wanted them to leave the building because I wanted no part of the buying of drugs". My lawyer was ineffective in bringing this point. He told me to simply sign a plea agreement for 188 months or I would get 360 months at trail. Never discussing with me any type of defense.

Petitioner's Counsel was either unaware of the appropriateness of the **SCHOUPE AND BROWN** cases or felt there was no need to mention them on behalf of petitioner. Counsel also ignored the argument that state conviction and federal convictions rely on a dual-citizen concept, and to use a sentence from a Commonwealth to aggregate a Federal sentence is Constitutionally incorrect. **HORNICK v. UNITED STATES** 214 F. Supp 2d (D, ME, 2002) Counsel was constitutionally ineffective for his failure to advocate the aforementioned issues at the time

of sentencing. **HILL v. LOCKHART** 474 U.S. 52, 106 S. CT. 366, 88 L.ED. 2d 203 (1985) "The failure of an attorney to inform his client of the relavant law clearly satisfies the first prong of the STRICKLAND analysis adopted by the majority, as such an omission cannot be said to fall within the wide range of professionally competent assistance demanded by the Sixth Amendment. **STRICKLAND v. WASHINGTON**, 466 U.S. at 690 Id. 474 U.S. at 212 (White and Stevens, JJ., concurring).

**II. SHOULD THIS CASE BE REMANDED FOR RECONSIDERATION OF A DOWNWARD DEPARTURE ON DEFENDANT"S BASE OFFENSE LEVEL DUE TO MITIGATION CIRCUMSTANCES SUCH AS THE NATURE OF THE OFFENSE AND OVERREPRESENTATION OF CRIMINAL HISTORY BY THE CAREER OFFENDER ACT?**

As reflected in the pre-sentence report at paragraph 27 (App. 2) the government moved and was granted an upward departure under U.S.S.G. 451.1., the Career Offender Act. Also, in the pre-sentence report are brief narratives describing the nature of Petitioner's prior offenses (App. 2-par 32,33,34 and 35).

At the time of sentencing, said Petitioner's acting counsel did not challenge nor argue the unlikelihood of recidivism by the defendant and subsequently coerced his client into accepting a sentence computated using the Career Offender Act. This Petitioner avers that this plea of guilty and subsequent sentencing was "unfairly obtained" due to the government's threat of outlandish penalties. **KERCHEVAL v. UNITED STATES** 274 U.S. 220 (1927) clearly states:

**"unfairly obtained guilty pleas must be vacated"**

It is also herby noted that this Petitioner does admit guilt in the instant offense, however does not feel under the statutory guidelines he should be pigeonholed in the Career Offender Act 4B1.1. It is also duly noted that the District Court did not refer to **UNITED STATES v. SCHOUPE** 35 F. 3d 835 (3rd Cir. 1994) when sentencing this Petitioner. There is the possibility that the District Court was not merely being erroneous, but erred in thinking it

absolutely had to sentence this Petitioner under 4B1.1. Because Petitioner's counsel did not raise the issue and the District Court may have believed that it did not have the authority to depart below the base offense level under U.S.S.G. 4A1.3 and such a belief would have reflected an incorrect application of the sentencing guidelines, the Third Circuit Court of Appeals applies a plenary standard of review. **UNITED STATES v.Torres**251 F. 3d,138 145 (3rd Cir 2001), cert. denied, 122 S. Ct.307 (U.S. 2001)

## BACKGROUND OF THE CASE

The facts of the underlying criminal case giving rise to this Petitioner's need for relief, need only be presented in summary fashion.

The Petitioner had at the time of the instant offense and for some time before it's commission, worked for Iovio's Market and was operator of Club Mirage. This Petitioner contends that both of these business were legitimate in nature. The latter enterprise of the Petitioner, produced a patron who approached said Petitioner and requested that he obtain for him a small amount of cocaine. This Petitioiner asserts that it was only after a period of repeated questioning by the buyer, did he finally introduce him to the drug dealer.

It was not known until after arrest that the cocaine buys were made by undercover police officer, A'Vant. At the time Mr. Pena contacted this Petitioner and warned him that cooperation with the authorities would mean physical harm to both Petitioner and his sister, Mary. Upon NO advise from counsel, this Petitioner did not cooperated with authorities and thus was not granted a downward departure under U.S.S.G 5K1.1. Due to mitigating circumstances this Petitioner asserts that the instant offense was not part of a criminal enterprise, but was merely an isolated incident.

## STATEMENT OF THE FACTS

### 1. OVERVIEW

At issue in this appeal is whether the District Court understood its authority to grant a downward departure based upon an overrepresentation of criminal history and a low degree of recidivism, pursuant to U.S.S.G. 4A1.3. The District Court never addressed this issue during sentencing, nor did Petitioner's appointed counsel do so. It is requested that the case be vacated by the District Court for reconsideration of this issue under the correct and just legal standard.

### 2. OFFENSE AND PLEA

Pursuant to a negotiated plea agreement, Defendant , Luigi Porcelli, pled guilty to one count of Conspiracy to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. §846, a class B felony; and one count of Distributing Cocaine within 1000 feet of a School Zone, in violation of 21 U.S.C. §841 (a)1 and §860 (a) and 18 U.S.C.§22. Count one is the only time or instant offense Petitioner was involved in and was over 1000ft walking distance from 64 Vinton St. to Kenyon Public School. The District Court applied U.S.S.G. 4 B1.1 and the statutory guideline range was 188-235 months incarceration (App. 2, par. 58).

### 3. DISTRICT COURT RULING AND COLLATERAL APPEAL

At sentencing, the District Court sentenced this Petitioner to 188 months imprisonment pursuant to U.S.S.G. 4B 1.1(APP. 1)

The District Court did not indicate whether or not it felt it could depart, based upon the belief that a departure under U.S.S.G. 4A1.3 was legally permissible.

## STATEMENT OF RELATED CASES AND PROCEEDINGS

Petitioner is only aware of one other case related to this instant offense. Sergio Pena was sentenced by Chief Judge Laqueux on 7-29-1997 to 30 months.

## SUMMARY OF ARGUMENT

In the instant offense, Petitioiner asserts that due to coercion on the part of the prosecution, he unwittingly plead guilty to both Counts I and IV of the indictment. It is also noted that Petitioner's counsel was ineffective in these proceedings.

It is duly noted that due to precedence in **SCHOUPE** and **BROWN**, there is clear evidence that the District Court had the authority to depart below the guidelines utilizing U.S.S.G. 4A1.3 and now has authority to depart based on **UNITED STATES v. Booker.**

## ARGUMENT

**THIS CASE SHOULD BE REMANDED FOR RECONSIDERATION OF A DOWNWARD DEPARTURE FROM U.S.S.G. 4B1.1., THE CAREER OFFENDER ACT, DUE TO NEW PRECEDENCE SET CONCERNING THE LIKELIHOOD OF RECIDIVISM AND OVERREPRESENTATION OF CRIMINAL HISTORY.**

According to the U.S.S.G. 18 U.S.C.A. 4A1.3, there is a two prong test that is used to determine whether or not to depart from the Career Offender Act. The first of these tests is whether or not there is a good likelihood of recidivism. The second is whether or not the Career Offender Act overrepresents the defendant's criminal history.

The first point, the likelihood of recidivism, the court must look to the period of time between prior offenses and the instant offense. It also must be noted that this Petitioner is 57 years of age and upon release will be of an age that constitutes a less likelihood of ANY continuing criminal behavior. Petitioner's sister has provided great support in the area of personable rehabilitation and will continue to do so pending this Petitioner's release. Extremely important to note is also the education of this Petitioner. There are many legitimate positions open to the aforesaid Petitioner due to his college education. This Petitioner assets that legitimate opportunities will outweigh the need for continuing criminal conduct.

The second prong of the test, which is most likely the more difficult of the two to arbitrate, is the overrepresentation of this Petitioner's criminal history. This Petitoner asserts that the District Court erred in the sentencing him not only in Criminal History Category VI, but in mandating an upward departure under U.S.S.G. 4B1.1. **UNITED STATES v. ASHLEY** 141 F.3d 64, clearly states this point.

> "In determining whether an upward departure from CHC VI is warranted the court should consider that the nature of the prior offenses rather than simply their number is ofter more indicative of the seriousness of the defendant's criminal history."

This Petitioner disputes the Court's findings in his sentencing of the instant offense. Even the instant offense itself was not part of an on-going criminal enterprise, but was a single isolated incident. The Sentencing Court failed to examine all aspects of U.S.S.G. 4B!.! and never allowed the avenue of using U.S.S.G. 4A1.3 to depart from the Career Offender Act. **TAYLOR v. UNITED STATES.** 495 U.S. 575 explicitly references this point.

> **"SO NOT LIMIT THE EVIDENCE A SENTENCING COURT MAY EXAMINE."**

This Petitioner maintains that this was the nature of his sentencing on the instant offense.

If perhaps this was not adequate enough to convince the sentencing court to depart from U.S.S.G. 4B1.1 using U.S.S.G. 4A1.3, we must then look at an imperative statement in **UNITED STATES v. LAWRENCE** 916 F.2d. 553,554 (9th Cir,1990)

> "We look only to the circumstances of this case to determine whether the district court's stated basis for departure is appropriate."

This previous statement allows the sentencing court to elaborate on and examine the evidence needed for a departure under U.S.S.G. 4A1.3.

Now that it is clearly noted that the district court had the authority to utilize U.S.S.G. 4A1.3. to depart, this Petitioner further requests an examination of his criminal history. **UNITED STATES V. REYES** 8 F. 3d. 1379 (9th Cir. 1993) states:

> **"REYES' conduct was not at all of the magnitude of seriousness of most career offenders."**

This statement is essentially the issue here. There is no way that the district court could examine and find that this Petitioner's criminal history does not allow for departure under U.S.S.G. 4A1.3.

The Petitioner firmly asserts that this case undermines the actual reasoning behind the Sentencing Guidelines, for one of the three perinciples upon which the Sentencing Guidelines is founded in:

> **" Proportionally in sentencing through a system that imposes appropriately different from criminal conduct of differing severity". U.S.S.G. Ch 1 Pt A(3)**

This Petitioner feels that this primary factor was not utilized in the sentencing court's decision. This current case is a simple illustration that involves mitigating circumstances and the defendant's minor participation in the instant offense.

Finally, this Petitioner prays upon this court to invoke the same standard of review as the court involving id. Schoupe and Booker. Despite Schoupe's previous appeals, the issue whether a sentencing court can depart downward in the offense level category under U.S.S.G. 4A1.3. was never finally decided until the Third Circuit's final opinion which firmly held on Schoupe's behalf. In the appellate court's review of the sentencing court's final decision it states:

> **" Reviewing this decision, the majority now concludes that the district court erred in refusing to reduce the defendant's offense level as well as his criminal history category. The majority notes that the career offender provision of the Guidelines (U.S.S.G. 4B1.1., increases both a defendant's offense level and criminal history category. The majority thus reasons that, if a defendant who falls within the career offender guideline, is eligible for a departure under U.S.S.G. 4A1.3., because his criminal histoy category over-represents the seriousness of his past criminal conduct or likelihood of recidivism, the defendant should be eligable for a reduction in both the offense level and a criminal history category and in the final US Supreme Courts' decision in Booker.**

It is this Petitioner's request that this Honorable Court grant this motion and follow the precedence set in id. Schoupe, id. Brown and id. Booker.

## CONCLUSION

Whereby, this PRO SE Petitioner requests vacation of the original sentence and re-sentence at this District Court for a correction of sentence.

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that this Motion to Vacate and Correct under U.S.C. 2255 and all attached appendices exhibits were mailed first class pre-paid postage to the following:

United States District Court
119 Federal Building
Providence, R.I. 02903

Luigi Porcelli, PRO SE