**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| LUIGI PORCELLI | : | |
| | : | |
| | : | CR. No. 97-004-L |
| v. | : | |
| | : | CA. No. 05-79-L |
| | : | |
| UNITED STATES OF AMERICA | : | |

**UNITED STATES' OBJECTION TO DEFENDANT'S MOTION TO VACATE, SET ASIDE AND/OR CORRECT SENTENCE**

Now comes the United States and hereby objects to Defendant Luigi Porcelli's Motion to Vacate, Set Aside and/or Correct Sentence for the reasons set forth in the attached Memorandum of Law.

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

RICHARD W. ROSE
Assistant U.S. Attorney

3

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of March, 2005 I sent by U.S. mail a true copy of the within Government's Objection to Defendant's Motion to Vacate, Set Aside and/or Correct Sentence was sent to:

Luigi Porcelli
Reg. #04389-070
Federal Prison Camp-Oakdale
P.O. Box 5010
Oakdale, LA 71463

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LUIGI PORCELLI | : | |
| | : | |
| | : | CR. No. 97-004-L |
| v. | : | |
| | : | CA. No. 05-79-L |
| | : | |
| UNITED STATES OF AMERICA | : | |

**UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S MOTION TO VACATE, SET ASIDE AND/OR CORRECT SENTENCE**

## I. INTRODUCTION

On December 15, 1997, the defendant was sentenced to 188 months imprisonment on Counts I and IV of a four count indictment which charged conspiracy to possess with intent to distribute cocaine and a distribution of cocaine within 1,000 feet of a school. On December 8, 1998, the defendant filed a motion to vacate under 28 U.S.C. § 2255. That motion was denied on February 9, 1999. On April 1, 1999 the defendant filed a notice of appeal. On August 19, 1999, the district court denied the defendant's motion for a certificate of appealability and on March 21, 2000, the Court of Appeals dismissed the defendant's appeal for lack of prosecution. In May of 2002, the Circuit Court of Appeals denied the defendant's motion for leave to file a second or amended § 2255 petition. Proceeding pro se, on February 23, 2005, the defendant filed the instant petition captioned Motion To Vacate Sentence and Remand for Re-Sentencing Under 28 U.S.C. § 2255. For the following reasons the defendant's petition should be denied.

## II. **ARGUMENT**

The defendant appears to be requesting that the court vacate his sentence and re-sentence him because, under the guise of ineffective assistance, he claims that he was erroneously sentenced as a career offender and that the court should have given him a downward departure based on an overstated criminal history. As authority, the defendant appears to rely on United States v. Booker, 125 S.Ct. 738 (2005). Because the defendant failed to comply with the jurisdictional gatekeeping provisions, this petition should be denied.

### 1. The Defendant's Claims Are Premature

This is the petitioner's third § 2255 petition. The first was defaulted and the second was denied. Pursuant to 28 U.S.C. § 2244(b)(3)(A), " . . .the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Id. Because the defendant has not moved nor received such permission, his motion must be denied. See Munoz v. United States 331 F.3d 151, 153 (1st Cir. 2003).

The district court has the option to transfer the defendant's petition to the Court of Appeals, or dismiss it. See Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997).[1]

---

[1]As a practical matter, the defendant's motion appears doomed. The defendant will have the burden of showing the Court of Appeals that he has either newly discovered evidence, or a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review. See United States

**III. CONCLUSION**

For all of the foregoing reasons the defendant's petition should be denied.

Respectfully submitted,
UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

RICHARD W. ROSE
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of March, 2005 I sent by U.S. mail a true copy of the within Government's Memorandum in Support of Its Objection to Petitioner's Motion to Vacate, Set Aside and/or Correct Sentence was sent to:

Luigi Porcelli
Reg. #04389-070
Federal Prison Camp-Oakdale
P.O. Box 5010
Oakdale, LA 71463

---

v. Munoz, 331 F.3d at 153. The defendant has alleged neither in his petition. To the extent he is relying on Booker, no such retroactivity exists. See In re: Jerry J. Anderson, 396 F.3d 1336, 1339 (11th Cir. 2005) (Supreme Court has not made Booker retroactive to cases on collateral review).